UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

## AFFIDAVIT IN SUPPORT OF CIVIL FORFEITURE COMPLAINT

I, Wesley Parks, being duly sworn, depose and states as follows:

1. I am currently a federal Task Force Officer with Louisville District Office of the Drug Enforcement Administration (DEA) and a sworn police officer with the Jeffersontown Police Department (JPD), in Jefferson County Kentucky. I have been with JPD for approximately 9 years. Currently, I am assigned to JPD Narcotics Unit and have been so assigned for over 4 years. I am also assigned to DEA as a Task Force Officer and have been for approximately 4 years. During my employment, I have received specialized training on the subject of narcotics trafficking and money laundering, and have been personally involved in numerous investigations concerning the sale and distribution of controlled substances, including cocaine and marijuana, as well as methods used to finance drug transactions and launder drug proceeds. This affidavit is based upon my personal knowledge and upon information reported to me by Federal and local law enforcement officers and others with knowledge of the facts of this case.

2. On October 3, 2016, TFO Parks received information from DEA Merrillville, IN Resident Office regarding an interdiction stop on a white Lincoln bearing a Massachusetts license plate (number omitted). The driver was identified as Anthony TONEY and the passenger in the vehicle was identified as Amanda HOOD. TFO Ryan Walsh advised TFO Parks that Anthony TONEY was stopped on I-65 and during that stop he was found to be in possession of $32,900.00 of U. S. Currency hidden in the engine compartment of the rental vehicle (a white Lincoln). During the search of TONEY's vehicle, agents located a self-storage receipt that was registered to TONEY. The Storage facility name was Public Storage with an address of 3120 Breckenridge Lane unit #213 Louisville, KY 40220.

3. At approximately 2:30 p.m., TFO Parks contacted JCSO Detective Derek Payne to assist in the K9 search of the Public Storage facility located at 3120 Breckenridge Road, Louisville, KY 40220. DET. Payne received consent to search the storage facility from the property manager. At approximately 3:50 p.m., DET. Payne deployed his certified and reliable Narcotics K9 Marco to conduct an exterior search of the storage lockers. At approximately 4:00 p.m., K9 Marco gave a positive alert to storage locker #213.

4. Detective Payne contacted TFO Parks and advised that K9 Marco gave a positive alert to the storage locker #213 at 3120 Breckenridge Lane Louisville, KY 40220. At approximately 4:30 p.m., DET Payne drafted a state search

EXHIBIT A: PAGE 1

warrant for 3120 Breckenridge lane unit #213. At approximately 5:45 p.m., the Honorable Judge Mckay Chauvin authorized the search warrant.

5. At approximately 6:12 p.m., agents and detectives executed the search warrant at 3120 Breckenridge Lane unit #213 Louisville, KY 40220. Agents and detectives recovered 373 gross grams of cocaine, 115.6 gross grams of heroin and 3.86 pounds of marijuana. Agents and detectives also recovered a digital scale, a kilo press and a Springfield handgun. Agents and detectives recovered mail matter in the storage locker addressed to TONEY. Agents and detectives seized $47,950.00 of U.S. Currency in a black Mesa safe (Exhibit N-1a), a Remy Martin can containing $55,000.00 U.S. Currency (Exhibit N-1b), and a Dillards plastic bag containing $35,100.00 U.S. Currency (Exhibit N-1c), inside the storage locker unit #213.

6. Shortly after the execution of the search warrant, a white Lincoln was observed entering the storage facility. TFO Parks observed a white Lincoln that matched the description of the vehicle in which TONEY was operating earlier in the day. TFO Parks confirmed the vehicle was white Lincoln. The white Lincoln stopped at the lane of TONEY's storage locker #213. The occupants of the Lincoln observed agents and detectives and then accelerated off at a high rate of speed. TFO Parks located the White Lincoln in the back of the complex and initiated a traffic stop on the white Lincoln. At the time of the stop, TFO Parks confirmed that TONEY was the operator of the white Lincoln. TONEY and his female passenger were taken into custody without incident. TFO Parks advised TONEY of his Miranda Rights at 7:26 p.m as witnessed by Detective Daran Hodges with the Jefferson County Sheriffs Office.

7. Detective Daran Hodges and RAC SCOTT advised Hood of her Miranda Rights at 7:27 p.m as witnessed by TFO Parks. TONEY invoked his right to remain silent. HOOD stated to agents that she would like to talk to agents. HOOD stated to agents that she receives heroin from TONEY in exchange for sexual favors. HOOD stated that she is addicted to heroin and was very sick at the time because she had not had any heroin in the last 10 hours. HOOD stated that a portion ($6,350.00) of the money in the safe was hers. HOOD further stated that the $6,350.00 in the safe was for her to have a breast augmentation.

8. TONEY was charged and ultimately indicted with several counts trafficking in controlled substances (felonies). As of the date of this affidavit, the case is pending in Jefferson Circuit Court, Case No. 16-CR-2684. In addition, TONEY has been charged with drug trafficking multiple times since 1997, and prior felony convictions include, but are not limited to, drug trafficking in Indiana. TONEY also has had multiple previous seizures and forfeitures related to drug trafficking, including but not limited to the pending forfeiture case of the money seized just hours prior to the search of the storage unit (discussed in paragraph 2).

EXHIBIT A: PAGE 2

9. It was later determined that $200 of the currency seized during the search was counterfeit.

Your affiant believes that, based on the facts detailed within this affidavit and your affiant's training and experience, there is probable cause that the $137,850.00 US Currency ("defendant property") represents money furnished or intended to be furnished in exchange for a controlled substance, represents proceeds traceable to such an exchange, and/or represents money used or intended to be used to facilitate a violation of the Controlled Substance Act, specifically 21 U.S.C. §§ 841(a) and 846. Consequently, the defendant property is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

Further your affiant sayeth naught.

Wesley Parks, Task Force Officer
Drug Enforcement Administration